UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WOODROW FLEMMING,

                Plaintiff,

    v.

GLENN GOORD; DONALD SELSKY; MICHAEL MAHER, DSS; NORMAN BEZIO, Former Captain at Upstate Correctional Facility; DONALD G. UHLER, Captain, Upstate Correctional Facility; ANTHONY BOUCHARD; MITCHELL, Lt.; DONALD QUINN, Lt., previously at Upstate Correctional Facility; LT. ADAMIK; DENNIS MARTIN, Lt., Upstate Correctional Facility; FLETCHER, Sgt.; STEPHEN CARPENTER, Sgt.; THOMAS J. KOUROFSKY, Sgt., Upstate Correctional Facility; JOHN ALLAN, Sgt; GEORGE LAFRANCE, Lt., Upstate Correctional Facility; REGINALD C. BISHOP, Lt., Upstate Correctional Facility; JAMES SARRELL, C.O., Upstate Correctional Facility; STEVEN K. WENTZEL, C.O., previously at Upstate Correctional Facility; LIZAR, C.O.; EDMUND BARR, C.O., Upstate Correctional Facility; B. GRANT, C.O., Upstate Correctional Facility; TERRY CHALAND, C.O., Upstate Correctional Facility; MRS. LOVETT; ANTHONY DURRANTE, C.O.; ANDY MEACHUM, C.O.; JAMES BENNETT, C.O.; GERALD CARON, Lt., Upstate Correctional Facility; KIRK CROSSETT, C.O.; DEANA BUFFHAM, Nurse; GEORGE WATSON, Nurse; EVELYN WEISSMAN; LEO PAYANE, Supt.;DR. YOGENDRA SHARMA, Clinical Physician; ROBERT BURDICK; TERRY ASHLAW, C.O., Upstate Correctional Facility; C.O. SZAJER; WILLIAM RICHARDS; BRIAN BUSH, C.O., Upstate Correctional Facility; SCOTT SANTAMORE, Sgt., Upstate Correctional Facility; THOMAS G. LUMBARD; BRYAN LECLAIR; ROSADRO; DONNIE MALLONI, C.O.; GUY R. FALCON, C.O.,

                Defendants.

                                      9:11-CV-1022
                                      (DNH/DEP)

APPEARANCES:

WOODROW FLEMMING
03-A-5259
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

# DECISION and ORDER

## I. INTRODUCTION

Plaintiff Woodrow Flemming commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983. Compl., Dkt. No. 1. Plaintiff, who is presently confined at Upstate Correctional Facility ("Upstate C.F."), was denied leave to proceed in forma pauperis with this action pursuant to 28 U.S.C. § 1915(g).[1] Dkt. No. 4 (the "December Order"). Plaintiff has paid the full filing fee of $350.00. Plaintiff has also submitted letter motions asking to delay issuance of an order directing service upon the defendants. Dkt. Nos. 8, 9.

## II. DISCUSSION

### A. Initial Screening

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is

---

[1] Plaintiff is a frequent litigator in federal court, having filed over forty actions in courts in this circuit since 1997. *See* U.S. Party/Case Index < http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl > (last visited July 26, 2012). Plaintiff has filed five civil rights actions in this District since July, 2011. *Id.* The three-strikes rule of 28 U.S.C. § 1915(g) has been enforced against plaintiff in this District since 2007. *See* Dkt. No. 4 (Decision and Order filed Dec. 5, 2011).

2

immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (finding that section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to

3

relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* at 364. A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, No. 95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) ("[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). Thus, to state a claim under § 1983 a plaintiff must allege (1) that some person deprived him of a federal right and (2) that person was acting under color of state law. *See Hall v. Dworkin*, 829 F. Supp. 1403, 1409-10 (N.D.N.Y. 1993) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640

4

(1980)).  However, the Second Circuit has held that "complaints relying on civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).  Finally, as more fully discussed below, personal involvement of a named defendant is a prerequisite to an award of damages in a § 1983 action.  *See McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 395 (S.D.N.Y. 2005) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

For the reasons set forth below, plaintiff's complaint fails to state a claim upon which relief may be granted and will be dismissed sua sponte pursuant 28 U.S.C. § 1915A.

**B.    Sufficiency of Plaintiff's Complaint**

**1.  First through Ninth Causes of Action**

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985).  In New York, the statute of limitations for § 1983 claims is three years from the date of accrual.  *Patterson v. Cnty. of Oneida,* 375 F.3d 206, 225 (2d Cir. 2004); *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Under federal law, generally, a claim arising under 42 U.S.C. § 1983 "accrues" when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Island Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see also Covington v. City of N.Y.*, 916 F. Supp. 282, 285 (S.D.N.Y. 1996) (same).  "Thus, in determining when the statute begins to run, the proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful." *Covington*, 916 F. Supp. at 285 (internal quotations omitted).  While federal law determines when a § 1983 claim accrues, state tolling principles inform the analysis of whether the limitations period has been tolled, unless those

5

rules would "'defeat the goals'" of § 1983. *Pearl*, 296 F.3d at 80 (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). In "rare and exceptional" cases, the doctrine of equitable tolling or equitable estoppel may be invoked to defeat a defense that the action was not timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007).

The date that a prisoner's complaint is considered "filed" is the date that he gives it to prison officials for transmission to the District Court. *Houston v. Lack*, 487 U.S. 266 (1988); *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). Here, plaintiff's complaint was filed, at the latest, on August 22, 2011. Compl. at 30. Thus, any claims arising before August 22, 2008, are time-barred unless plaintiff is able to demonstrate that the statute of limitations was tolled. A review of plaintiff's complaint shows that the allegations set forth in the First through Ninth Causes of Action, which are detailed below, are time-barred.[2]

Plaintiff alleges that in April 2005, he was the subject of a retaliatory transfer from Walsh Regional Medical Unit ("Walsh RMU") to the Upstate C.F. Special Housing Unit ("SHU"). Compl. at 10 (Fourth Cause of Action). Plaintiff alleges that the defendants, who include employees of Walsh RMU, Upstate C.F., and the New York State Department of Corrections and Community Supervision ("DOCCS") central office conspired to have plaintiff transferred to Upstate SHU in retaliation for grievances and complaints that plaintiff had filed, and because of the nature of plaintiff's crime for which he was incarcerated. *Id*. at 9, 10, 15 (Second, Fourth, and Seventh Causes of Action). Plaintiff also alleges, among other things, that he was denied "medical care" from 2004 until 2008; he was pushed down during a cell search on June 30, 2004; in late December 2003, he received a false misbehavior report

---

[2] There is no Third Cause of Action.

6

from defendant Lovett; defendant Admik found plaintiff guilty of the misbehavior charged by defendant Lovett; on March 21, 2004, plaintiff was "injured," defendant Durrante issued plaintiff a misbehavior report to cover-up the injury, and defendant Admik again found plaintiff guilty of the charges; he was pushed by defendant Meachum on June 30, 2004; in September 2004, defendants Dr. Sharma and Dr. Burdick stopped "all therapy treatment" for plaintiff; defendant Malloni issued plaintiff a false misbehavior report in 2005 in retaliation for plaintiff having filed a "molestation complaint" against him; and between December 2004 and January 2005, defendants "physically tortured" him and denied him due process. *Id*. at 9, 14, 16-23 (Second, Sixth, Seventh, Eighth, and Ninth Causes of Action). Plaintiff claims that defendant Goord (Commissioner of DOCCS),[3] created policies that allowed the aforesaid wrongdoing to occur, and/or knew of the aforesaid wrongdoing but failed to correct it. *Id*. at 11-13 (Fifth Cause of Action).

Plaintiff states that by filing this "new action," he is actually "refiling" the claims that he set forth in one of his prior actions, 9:06-CV-0026.[4] Compl. at 1. Plaintiff alleges that he has "discover[ed] new evidence" to support his claim that his transfer from Walsh RMU to Upstate SHU in April, 2005 was retaliatory. *Id*. at 9, 10. Specifically, plaintiff states that on January 28, 2011, he received a computer printout from the DOCCS' Classification and Movement Division indicating that in April 2005, he was supposed to be transferred to a medical infirmary. *Id*. at 10, 31-32. Plaintiff claims that this document supports his allegation

---

[3] As further support that the claims against defendant Goord are time-barred, it appears that Glenn Goord retired as Commissioner of DOCCS in 2006, well before the claims in this action arose. *See Perry v. Goord*, No. 06CV828, 2009 WL 2580324, at *2 n.3 (W.D.N.Y. Aug. 18, 2009) (stating that Goord retired as Commissioner on August 28, 2006).

[4] As will be discussed more fully below, civil action 9:06-CV-0026 was dismissed with prejudice for failure to state a claim. *See Flemming v. Goord*, 9:06-CV-0026 (TJM/DRH), Dkt. Nos. 89, 92.

7

that his transfer to Upstate C.F. SHU in April 2005, was illegal and retaliatory. *Id*. at 15. Plaintiff also alleges that he could not present this information in his earlier action "because defendants with held evidence." *Id*. at 15. Construed liberally, plaintiff may attempting to invoke the benefit of equitable tolling or equitable estoppel.

"The general rule in this circuit is that a cause of action accrues when the plaintiff could first have successfully maintained a suit based on that cause of action." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 163 (2d Cir. 1989) (internal quotation marks and citations omitted). The Second Circuit has recognized that under certain compelling circumstances equitable tolling may be invoked to avoid dismissal of an otherwise stale claim based upon a governing statute of limitations. *Keating v. Carey*, 706 F.2d 377 (2d Cir. 1983).

> Under New York law, the doctrines of equitable tolling or equitable estoppel "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794, 793 N.Y.S.2d 565 (N.Y. App. Div. 2005) (internal quotations omitted); *Kotlyarsky v. New York Post*, 195 Misc.2d 150, 757 N.Y.S.2d 703, 706 (N.Y. Sup. Ct. 2003). . . . If a plaintiff cannot "articulate[ ] any acts by defendants that prevented [him] from timely commencing suit" then he has "failed to meet [his] burden of showing that [he was] wrongfully induced by defendants not to commence suit." *Id*.

*Abbas*, 480 F.3d at 642.

In applying the doctrine of equitable tolling, the Second Circuit "has made an important distinction between fraudulent concealment of the existence of a cause of action and fraudulent concealment of facts that, if known, would enhance a plaintiff's ability to prevail as to a cause of action of which the plaintiff was previously aware." *Pearl*, 296 F.3d at 84-85 (holding no equitable tolling where plaintiff knew of his injury but was fraudulently

induced by police officer's false testimony to settle civil suit for a low amount) (citing *Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 200 (2d Cir. 2001) (holding no equitable tolling of statute of limitations where plaintiff, as a result of an assault, knew of a civil rights claim, even though "some of the facts putatively concealed by the defendants might have strengthened [the plaintiff's] case by corroborating her story")).  Here, plaintiff was obviously aware of his cause of action for retaliatory transfer at the time of the 2005 transfer, and not only could have sued the defendants, but actually did so.  Like the plaintiff in *Paige*, what plaintiff has now is what he believes to be more persuasive evidence of his retaliatory transfer claim; not a newly discovered awareness of a cause of action previously concealed.

Indeed, plaintiff knew of, and actually asserted his retaliatory transfer cause of action shortly after it accrued in 2005 by filing not one, but two previous lawsuits.  *See Flemming v. State of N.Y.*, 9:05-CV-0473 (DNH/DEP) and *Flemming v. Goord*, 9:06-CV-0026 (TJM/DRH). Therefore, any suggestion that the discovery of "new evidence" to support the alleged **merits** of that claim would toll or reset the statute of limitations is wholly unfounded.  As such, even if it were found that plaintiff was the victim of "fraud, misrepresentations or deception" because defendants concealed **evidence** which would support his cause of action, plaintiff cannot show that any of those circumstances prevented him from timely filing his complaint.

Additionally, plaintiff appears to allege that he is still suffering the consequences of the retaliatory transfer because he is confined to Upstate C.F. SHU under conditions which impose upon him an atypical and significant hardship when compared to the ordinary incidents of prison life.  Compl. at 23-25.  The Supreme Court has clarified that the continuing-violation doctrine does not apply to discrete acts, but only to ongoing circumstances that combine to form a single violation that "cannot be said to occur on any

9

particular day." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-15 (2002). The wrong in a retaliation claim is the adverse action taken. *See Deters v. City of Poughkeepsie*, 150 F. App'x 10, 11-12 (2d Cir. 2005). The mere fact that the effects of retaliation are continuing does not make the retaliatory act itself a continuing one. *Id*. With respect to his retaliatory transfer claim, the alleged wrongdoing is therefore the decision to transfer plaintiff to Upstate C.F. SHU in April 2005; not the fact that plaintiff allegedly continues to suffer from inadequate conditions of confinement after his transfer to Upstate C.F. SHU.

Accordingly, plaintiff's First through Ninth Causes of Action will be dismissed as untimely filed, and his argument that he should be allowed to proceed with these time-barred claims because he obtained newly discovered evidence is without merit.

Typically, a District Court should not dismiss a complaint as time-barred without providing a *pro se* plaintiff with notice and an opportunity to be heard as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered timely. *See Abbas*, 480 F.3d at 640. However, in this case, because (1) plaintiff has already presented his argument as to why he believes his claims are timely, and (2) for the reasons discussed below, any amendment of plaintiff's First through Ninth Causes of Action would be futile, the First through Ninth Causes of Action will be dismissed with prejudice, without leave to replead. *See Dluhos v. Floating and Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 69 (2d Cir. 1998) (finding that a pro se litigant may be denied leave to amend where such an amendment would be futile).

Plaintiff has brought the claims asserted in the First through Ninth Causes of Action not once, but twice before. *See Flemming v. Payant*, 9:05-CV-0473 (DNH/DEP) ("*Flemming* I") and *Flemming v. Goord*, 9:06-CV-0026 (TJM/DRH) ("*Flemming* II"). In *Flemming* II, in a

10

well-reasoned Report-Recommendation, Magistrate Judge David R. Homer found that all of the allegations set forth in the Second Amended Complaint filed in that action were subject to dismissal with prejudice because they were barred by the doctrine of res judicata.  See *Flemming* II, Dkt. No. 89 (Report-Recommendation and Order filed Sept. 9, 2008) (Homer, M.J.) (hereinafter "*Flemming* II R & R").  The *Flemming* II R & R stated in relevant part:

> In [*Flemming* II], res judicata serves to bar many of Flemming's claims. Most of Flemming's contentions [in *Flemming* II] were dismissed by an order dated December 4, 2006 from another civil rights action filed in this district. *See Flemming v. Payant*, No. 05-CV-473 (DNH/DEP) (hereinafter "*Flemming* I"). In *Flemming* I, the court noted that "[Flemming's] amended complaint remain[ed] disjointed and confused, making it next to impossible for the Court to discern the sufficiency of [Flemming's] claims," but the court ultimately dismissed the complaint because the conclusory allegations Flemming asserted were insufficient to state a claim upon which relief could be granted. *Id*. at 2-3.
> 
> The prior action [*Flemming* I] involved only five defendants, but all five were also named in the present action [*Flemming* II]. The additional thirty-five defendants named in the present action are all clearly in privity with those five defendants by virtue of the allegations herein and that each was allegedly involved in the same transactions alleged in the two actions. Additionally, Flemming I asserted some of the same claims asserted in the present action. These claims include (1) the retaliatory transfers and the subsequent due process, equal protection, and Eighth Amendment deprivations stemming therefrom (*Flemming* I ¶¶ 6, 8-10; Second Am. Compl. ¶¶ 7-8, 12, 14; Docket No. 85, ex. C ¶¶ 2, 6, 8, 9; Flemming Mem. of Law ¶¶ 48-49, 61); (2) due process, equal protection, and Eighth Amendment violations pertaining to confinement in SHU with medical equipment (*Flemming* I ¶ 10; Second Am. Compl. ¶ 7; Docket No. 85, ex. C ¶¶ 3, 7; Flemming Mem. of Law ¶¶ 48-49); (3) denial of an inmate handbook (*Flemming* I ¶ 6; Second Am. Compl. ¶¶ 7, 21; Docket No. 85, ex. C ¶¶ 6, 9; Flemming Mem. of Law ¶¶ 63-65); (4) excessive force by Durrante on March 20, 2004 and February 15, 2005 (*Flemming* I ¶ 11; Second Am. Compl. ¶¶ 15, 29); (5) due process violations in the denial of good time credits (*Flemming* I ¶ 12; Docket No. 85, ex. C ¶ 5); (6) due process violations from biased disciplinary hearing officers (*Flemming* I ¶ 18; Second Am. Compl. ¶ 60); and (7) denial of access to and participation in religious programs and

> worship services (*Flemming* I ¶ 19; Flemming Mem. of Law ¶ 62).
> Each of these seven contentions was pled in both complaints in
> practically identical terms.  Additionally, both final amended
> complaints draw on the same factual bases to assert the seven
> claims as the dates and events are the same in each complaint.
> Thus, the seven claims alleged in each final complaint
> arise from the same nucleus of operable facts and transactions.
> Accordingly, res judicata bars these claims being asserted again
> in [*Flemming* II]. Defendants' motion to dismiss on this ground
> should be granted as to those seven claims.

*Flemming* II R & R at 8-10, adopted at Dkt. No. 92 (Decision and Order filed September 29, 2008) (McAvoy, S.J.).  Plaintiff appealed Judge McAvoy's September 29, 2008 Decision and Order to the Second Circuit Court of Appeals.  *Flemming* II, Dkt. No. 94.  The Second Circuit dismissed plaintiff's appeal "because it lack[ed] an arguable basis in law or fact."  *Flemming* II, Dkt. No. 97.

It is clear that the allegations set forth in the First through Ninth Causes of Action are not only untimely filed, but as more fully discussed in Magistrate Judge Homer's *Flemming* II R & R, are also barred by the doctrine of res judicata.  Thus, the First through Ninth Causes of Action will be dismissed with prejudice, with no leave to replead.

### 2.  Tenth, Eleventh, Thirteenth, and Fourteenth Causes of Action

As an initial matter, most if not all of the claims set forth in the Tenth, Eleventh, Thirteenth, and Fourteenth Causes of Action appear to echo the claims raised in both *Flemming* I and *Flemming* II.  Thus, most, if not all, of these claims are also likely barred by both (1) the statute of limitations and (2) res judicata, as discussed herein above.  *See* Part II.B.1, *supra*.  However, given the ambiguous nature of the allegations, and particularly the lack of clarity as to exactly when the alleged wrongdoing occurred, it cannot be said that all of the allegations set forth in the Tenth, Eleventh, Thirteenth, and Fourteenth Causes of Action

12

are completely barred as untimely and because of res judicata. However, even assuming that plaintiff could demonstrate that these claims are not so barred, for the reasons discussed below, the allegations set forth in the Tenth, Eleventh, Thirteenth, and Fourteenth Causes of Action nevertheless fail to state a claim upon which relief may be granted.

### a.  Tenth Cause of Action

In his Tenth Cause of Action, plaintiff alleges that after his transfer to Upstate C.F. SHU on April 2005, he has been "tortured" by defendants Caron, Sorrel, Falcon, Wentzel, Barr, James, Grant, Charland, Bennett, Crossett, Ashlaw, Bishop, Kourofsky, and LaFrance. Compl. at 24. Plaintiff claims that his disciplinary confinement for 23 hours a day, 7 days a week, without liberty or privileges, is "cruel" compared to ordinary prison life and "plaintiff is suffering an atypical and significant hardship compared to population inmates." *Id*. Plaintiff also alleges that these same defendants denied him due process. *Id*.

Plaintiff has not supported his due process or conditions of confinement claims with any allegations of fact and no reasonable inference can be drawn that any of these defendants are liable for the misconduct alleged.

With respect to his claim that these defendants denied him due process, plaintiff does not indicate on what basis his due process rights were violated but merely states that they were violated. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Plaintiff has failed to state a claim for denial of due process.

To the extent that plaintiff attempts to assert an Eighth Amendment conditions of confinement claim against these defendants, even accepting plaintiff's allegations as true - namely, that he was denied privileges, confined to disciplinary keeplock, and his conditions of

13

confinement are harsher than those experienced by general population inmates - his claim also fails.  "To prove a violation of the Eighth Amendment, an inmate must show (1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'"  *Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

      Here, there no indication of what any individual defendant did to impose "cruel" conditions upon plaintiff, let alone that any defendant acted with a culpable state of mind.  Plaintiff's allegations regarding his SHU confinement do not state an Eighth Amendment claim.  Although the service of a disciplinary sentence under ordinary conditions prevailing in the SHU "may implicate other constitutional rights, [it] does not rise to a level of constitutional significance under the Eighth Amendment and . . . fails to support a claim of cruel and unusual punishment under that provision."  *Monroe v. Janes*, No. 9:06-CV-0859 (FJS/DEP), 2008 WL 508905, at *7 (N.D.N.Y. Feb. 21, 2008) (dismissing Eighth Amendment claim where prisoner alleged merely that he had served 76 days in the SHU) (citing *Warren v. Irvin*, 985 F. Supp. 350, 357 (W.D.N.Y. 1997)).  Here, plaintiff does not allege that his confinement in the SHU was served in anything other than ordinary conditions for SHU.  Thus, he has not alleged any cruel and unusual punishment that would provide the foundation for an Eighth Amendment claim.  "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

### b. Eleventh Cause of Action

Plaintiff alleges that after his transfer to Upstate C.F. SHU in April 2005, defendants Bezio, Uhler, Martin, Quinn, and Boucard "physically tortured" plaintiff, and "engaged in unconstitutional misconduct" in conspiracy with defendants at Walsh RMU. Compl. at 25. These conclusory assertions, unsupported by facts, are insufficient to plausibly suggest any cause of action against these defendants.

Plaintiff also alleges that these defendants subjected plaintiff to cruel and unusual punishment by keeping him in SHU on his medical machine,[5] confining plaintiff to SHU for 14 years, and denying plaintiff a Rule Book and periodic review of his SHU confinement "without any justification." *Id*. Plaintiff alleges that his conditions of confinement in SHU are "dramatically different" than conditions for general population inmates. *Id*. For the reasons set forth in Section II.B.2.a, *supra*, plaintiff has failed to assert a plausible Eighth Amendment conditions of confinement claim against defendants Bezio, Uhler, Martin, Quinn, and Boucard.

### c. Thirteenth through Fourteenth Causes of Action

The Thirteenth and Fourteenth Causes of Action consist of a series of conclusory statements, both legal and factual, about supervisory liability, retaliation, and plaintiff's inadequate conditions of confinement in Upstate C.F. SHU. Compl. at 27-28. Plaintiff

---

[5] The medical machine that plaintiff so frequently refers to in his various lawsuits is a CPAP machine, which is used to treat his sleep apnea. Dkt. No. 1 at 39 (indicating that plaintiff has been prescribed a CPAP machine to treat his sleep apnea); *see also Flemming v. Wurzberger*, 9:09-CV-1242 (DNH/ATB), Dkt. No. 107-3 at 31-32 (plaintiff testified that he is on a machine for sleep apnea); *Flemming v. Fischer*, 9:09-CV-0005 (LEK/GHL), Dkt. No. 1-4 at 35 (After Care Letter indicating that plaintiff requires the use of a "CPAP Machine: Continuous Positive" for his sleep apnea). Because plaintiff's claim that being on a medical machine in SHU violates his rights has been raised and dismissed on two occasions, it is barred by res judicata. *See Flemming* II R & R.; *see also Flemming* I.

alleges that he has a "protected liberty interest" to remain at Walsh RMU and out of Upstate C.F. SHU. *Id*. at 27. Plaintiff claims that defendants "engaged in retaliation and unconstitutional misconduct" to stop plaintiff from filing grievances, complaints, and lawsuits. *Id*. Plaintiff alleges that he was placed in SHU without due process and "on account of discrimination factor[s] includ[ing] race"; his confinement in Upstate SHU imposes an atypical and significant hardship upon him; and "prison officials and medical staff" were deliberately indifferent to plaintiff's medical needs. *Id*. These allegations are asserted in wholly conclusory terms, and are non-specific as to when or where they occurred. The allegations do not identify which defendants might be responsible for the alleged wrongdoing. Thus, the allegations are simply too vague to provide any sort of notice of a claim against any particular defendant or to state any plausible claim for relief under § 1983.

Plaintiff also alleges that defendants Commissioner Goord,[6] Superintendent Boucard, L. Payant, M. Maher, and Mrs. Rosardro, adopted policies that allowed the violations of plaintiff's rights to occur. These allegations are also conclusory and fail to state any sort of claim. Plaintiff does not specify the particular policy or custom that each defendant created, or allege how that policy or custom resulted in the alleged deprivation.

For all of the foregoing reasons, plaintiff's Tenth, Eleventh, Thirteenth, and Fourteenth Causes of Action will be dismissed.

### 3. Twelfth Cause of Action

Plaintiff alleges that the defendants retaliated to deny him level 3 privileges - namely one and one half hours of recreation, four bars of soap, and four showers - and that the lack

---

[6] Because Goord retired in 2006, *see* n.3, *supra*, plaintiff's allegations against Goord are untimely.

16

of exercise caused him mental anguish. Compl. at 26. Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official - even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action. *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty*, 713 F.2d at 13. Finally, even if plaintiff makes the appropriate showing, defendants may avoid liability if they demonstrate that they would have taken the adverse action even in the absence of the protected conduct. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003).

Plaintiff does not indicate which of the over 40 defendants retaliated against him. Moreover, plaintiff does not even allege what any defendants were retaliating against, nor does he establish any sort of causal connection between a protected activity and the actions of any defendant. Indeed, he merely states that this conduct "is retaliation and that [the defendants] engage in unconstitutional misconduct." *Id*. The fact that plaintiff characterizes the actions of the defendants as "retaliatory," but does not plead any facts that would give

17

rise to such an inference, is wholly conclusory, and fails to state a plausible claim of retaliation. *See Friedl v. City of N.Y.*, 210 F.3d 79, 85 (2d Cir. 2000) (claims of retaliation must be "'supported by specific and detailed factual allegations,'" and not stated "'in wholly conclusory terms.'") (quoting *Flaherty*, 713 F.2d at 13); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (wholly conclusory claims of retaliation "can be dismissed on the pleadings alone"); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (same).

To the extent plaintiff is attempting to assert an Eighth Amendment conditions of confinement claim with respect to insufficient exercise or receiving only three showers per week rather than four, he does not indicate which, if any of the defendants, are responsible for this claim, nor does he provide any facts to support his conclusory allegation.

Plaintiff's Twelfth Cause of Action will therefore be dismissed.

### C.     Plaintiff's Request for a Stay

Plaintiff has submitted letter motions asking that any order directing service of process upon the defendants in this action be delayed until January 2013. Dkt. Nos. 8, 9. Because plaintiff's complaint has been found to be legally insufficient, any order directing service would be premature, therefore plaintiff's requests will be denied as moot.

### III.    CONCLUSION

Based on the foregoing, pursuant to 28 U.S.C. § 1915A:  (1) the First through Ninth Causes of Action will be dismissed with prejudice as barred by (a) the applicable statute of limitations and (b) res judicata; and (2) the remainder of plaintiff's complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

In light of his pro se status, plaintiff will be afforded an opportunity to submit an

amended complaint, limited to the claims set forth in his Tenth through Fourteenth Causes of Action.  Any amended complaint submitted should include facts demonstrating (1) why his claims are timely, or if untimely, why the applicable limitations period should be tolled, and (2) why the claims asserted in those Causes of Actions should not otherwise be dismissed for failure to state a claim upon which relief may be granted.  Any amended complaint must contain a caption that identifies, by name, each individual that plaintiff is suing in this lawsuit, and must be legibly written or typewritten.  If plaintiff fails to comply with this Decision and Order within the time allowed, this action will be dismissed in its entirety with prejudice without further order pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

   THEREFORE, it is

   ORDERED that

   1. Plaintiff's complaint is DISMISSED as follows:  (1) the First through Ninth Causes of Action are DISMISSED with prejudice and (2) the Tenth through Fourteenth Causes of Action are DISMISSED without prejudice;

   2. If plaintiff wishes to proceed with any of the claims set forth in his Tenth through Fourteenth Causes of Action, he must file an amended complaint as directed above within thirty (30) days from the date of the filing of this Decision and Order;

   3. If plaintiff fails to file an amended complaint within thirty (30) days from the filing date of this Decision and Order, this action in its entirety shall be DISMISSED with prejudice, without further Order, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

   4. Upon plaintiff's full compliance with this Decision and Order, the Clerk of the Court

shall return the file to the court further review;

    5.  Plaintiff's requests (Dkt. Nos. 8, 9) to stay this action are DENIED; and

    6.  The Clerk serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 10, 2012
       Utica, New York.